IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:15-HC-2001-FL

| | |
|---|---|
| THEODORE HOWZE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN C. RATLDEGE, ) | |
| ) | |
| Respondent. ) | |

The matter is before the court on respondent's motion to dismiss (DE 10).[1] The issues raised have been fully briefed and are ripe for determination. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On July 19, 1993, petitioner, a federal inmate, was sentenced to a term of incarceration for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 in United States v. Howze, No. 92-CR-30 (W.D.N.C. Nov. 22, 1996). Howze v. Dewalt, No. 06-CV-240-JMH, p. 1 (E.D. Ky. Jan. 19, 2007). Petitioner was released from custody on November 22, 1996, and began a 5-year term of supervised release. Id.

During his term of supervised release, North Carolina State police arrested petitioner for multiple drug offenses on October 5, 1998.[2] (Bell Decl.[3] ¶ 5.) On December 18, 1998, the United

---

[1] Because respondent attached documents which are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment.

[2] Petitioner's state charges were dismissed on March 3, 1999. (Bell Decl. ¶ 5.)

[3] Cynthia Bell ("Bell") submitted a declaration in support of respondent's motion for summary judgment. Bell, a non-party, is employed by the United States Department of Justice as a Management Analyst at the Designation and Computation Center in Grand Prairie, Texas. (Bell Decl. ¶ 1.)

States Marshals Service arrested petitioner in connection with the charges of possession with the intent to distribute cocaine and cocaine base, and aiding and abetting. See United States v. Howze, No. 3:98-CR-299 (W.D.N.C. Nov. 2, 1998). Petitioner was released on bond. Id.

On February 25, 1999, petitioner pleaded guilty in the United States District Court for the Western District of North Carolina, pursuant to a written plea agreement, to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. Howze, No. 3:98-CR–299. As part of his plea agreement, petitioner agreed to provide assistance and testimony in another pending criminal matter, United States v. Rhynes, in exchange for the government's motion for a downward departure from a mandatory life sentence to a 240-month term of incarceration. See Howze, No. 06-CV-240-JMH (Jan. 19, 2007).

On March 25, 1999, the United States Marshals Service again arrested petitioner because petitioner violated the terms of his supervised release imposed in case number 92-CR-30. (Bell Decl. ¶ 8.) On July 27, 1999, the district court revoked petitioner's supervised release, and imposed a 57-month term of imprisonment in case number 92-CR-30. (Id. ¶ 9); Howze, No. 3: 92-CR-30; Howze, No. 06-CV-240-JMH (Jan. 19, 2007). Petitioner's sentencing in case number 98-CR-299 was delayed nearly four years until the prosecution in Rhynes was completed and petitioner's cooperation could be assessed. Howze, No. 06-CV-240-JMH (Jan. 19, 2007). After the completion of the proceedings in Rhynes, the court in case number 98-CR-299 sentenced petitioner to a 240-month term of imprisonment on April 1, 2003. (Id. ¶ 10.); Howze, No. 3:98-CR–299. The sentencing court ordered that petitioner's 240-month term of imprisonment run concurrent with his previously imposed 57-month term of imprisonment. (Id.)

The Federal Bureau of Prisons ("BOP") then prepared a sentence computation for petitioner's federal sentence. (Bell Decl. ¶ 11 and Attach. 7, pp. 3-4.) Specifically, the BOP calculated that petitioner's 240-month term of imprisonment commenced on the date it was imposed–April 1, 2003. (Id.) The BOP further calculated that the 240-month sentence then ran concurrently with petitioner's previously imposed 57-month sentence. (Id.) The BOP, additionally, credited petitioner's 240-month sentence with 10 days of prior custody credit for the time he spent in custody prior to the imposition of his sentence, from: October 15, 1998, through October 22, 1998; December 18, 1998; and March 25, 1998. (Id. p. 4.) On June 12, 2003, petitioner was transferred to the Federal Medical Center in Lexington, Kentucky, to serve his sentence. See (Pet. Attach. p. 2.)

On April 5, 2004, petitioner, in case number 98-CR-299, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing that his trial counsel failed to file an appeal upon his request to do, which constituted *per se* ineffective assistance of counsel. Howze, No. 3:98-CR-299. On December 20, 2004, the trial court granted petitioner's § 2255 motion, vacated his prior conviction, and entered a new judgment of conviction to permit petitioner to file an appeal. Id.

Petitioner subsequently filed his notice of appeal in case number 98-CR-299. United States v. Howze, 178 F. App'x 328, 330 (4th Cir. 2006). On appeal, petitioner asserted, *inter alia*, that by ordering petitioner's two criminal sentences to run concurrently, the trial court intended that his sentence in 98-CR-299 commence retroactive to the commencement of the 57-month term on his supervised release revocation. Id. On May 5, 2006, the United States Court of Appeals for the Fourth Circuit issued an opinion rejecting petitioner's argument, and noting that petitioner's

3

sentencing argument would conflict with 18 U.S.C. § 3585. See id. Petitioner next attempted to raise the same issue in a motion for clarification filed in his sentencing court in case number 98-CR-99. Howze, No. 3:98-CR-299 (May 24, 2006). On June 13, 2006, the sentencing court denied petitioner's motion for clarification without prejudice to permit petitioner to properly raise his claim in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Id.

Petitioner next filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky again contending that his sentence in case number 98-CR-299 should retroactively commence on July 29, 1999, and that such a sentence is permitted under Sentencing Guideline 5G1.3(b). Howze, No. 5:06-CV-240-JMH (Jan. 19, 2007). On January 19, 2007, the Kentucky district court denied petitioner's § 2241 habeas petition. Id. Petitioner appealed, and the United States Court of Appeals for the Sixth Circuit dismissed petitioner's appeal for failure to prosecute. See Howze v. Dewalt, No. 07-5182 (6th Cir. Oct. 3, 2007).

In the interim, on May 1, 2007, petitioner filed a second motion pursuant to § 2255 in case number 98-CR-299, which was dismissed on December 21, 2009. Howze, No. 3:98-CR-299 (Dec. 21, 2009). In its December 21, 2009, order, the sentencing court noted the following:

> Petitioner asserts that he has been forced to serve 284 months imprisonment rather than the agreed upon 240 months. First, 240 months was the minimum sentence the Government insisted upon, not the maximum. Second, Petitioner seems to forget that the approximately 48 months he served in jail prior to his sentencing for the instant offense was being credited to a sentence for a previous crime. He had no right for his sentences in such circumstances to run retroactively concurrently. Indeed, the Guidelines recommend that such sentences be run consecutively. See U.S.S.G. § 5G1.3 app. n.3(C) (recommending sentence for instant offense should run consecutively to revocation sentence); 7B1.3 app. n.4 ("it is the Commission's recommendation that any sentence of imprisonment

4

> for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.")

Id. pp. 13-14, n.14.

Petitioner appealed the dismissal of the his § 2255 motion, and the Fourth Circuit dismissed his appeal on February 24, 2012. Id. (Feb. 24, 2012). Petitioner filed a third § 2255 motion on August 17, 2012, which the sentencing court dismissed on November 6, 2012. Id. Petitioner again appealed, and the Fourth Circuit dismissed his appeal. Id. (Feb. 21, 2013).

On January 5, 2015, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit on his federal sentence in case number 3:98-CR-299 for the time period of July 29, 1999, through March 31, 2003. Respondent subsequently filed a motion for summary judgment arguing that petitioner's current § 2241 petition is an unauthorized successive petition and abuse of the writ. Alternatively, respondent argues that the petition should be denied because it is meritless. The matter was fully briefed.

## DISCUSSION

A.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

5

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Respondent contends that petitioner's challenge to his federal sentence computation should be dismissed for abuse of the writ. Title 28 U.S.C. § 2244(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> No circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Accordingly, the abuse of the writ doctrine generally prohibits inmates from re-litigating the same issues in subsequent habeas applications or from raising new issues in a subsequent habeas proceeding.[4] See Rule 9(b), Rules Governing Habeas Corpus Proceedings; see also McClesky v. Zant, 499 U.S. 467, 489 (1991); see also, Mendez v. United States, No. 04-HC-90-FL, 2004 WL 3327911, *2 n.1 (E.D.N.C. 2004) ("The abuse of the writ doctrine, as set forth in *McClesky*, was not supplanted by the enactment of [AEDPA], which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second or successive petitions raising new claims to be authorized by the appropriate court of appeals.") (citation

---

[4] The abuse of the writ doctrine, as set forth in McClesky, 499 U.S. at 489, was not supplanted by the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. See Zayas v. Immigration and Naturalization Service, 311 F.3d 247, 252-53 (3rd Cir. 2002); 28 U.S.C. §§ 2244(b) and 2255. Subsequent to the Third Circuit's ruling in Zayas, the Fourth Circuit Court of Appeals has affirmed by unpublished opinion numerous decisions by district court's where a second or successive § 2241 petition was dismissed as an abuse of the writ. See, e.g., Griffin v. U.S. Parole Commission, No. 3:02cv936, 2003 WL 23961849 (E.D. Va. Nov. 19, 2003), aff'd, 94 F. App'x 993 (4th Cir. 2004); Jackson v. Snyder, No. 5:05-HC-811-H, 2007 WL 4124348 (E.D.N.C. Sept. 5, 2007), aff'd, 239 F. App'x 779, 790 (4th Cir. 2007).

6

omitted), aff'd, 126 F. App'x 148 (4th Cir. 2005). The government bears the initial burden of pleading abuse of the writ. McClesky, 499 U.S. at 494-495. To meet this burden the government must, with clarity and particularity, note petitioner's prior writ history, identify the claims that appear for the first time, and allege that petitioner abused the writ. Id. at 468. The burden then shifts to the petitioner to disprove abuse by showing cause for failing to raise the relevant claim in his prior petition and actual prejudice resulting from the claim. Id. at 493-94.

In this case, respondent contends that petitioner abused the writ of habeas corpus because he repeatedly requested credit on his federal sentence for the time period of July 29, 1999, through March 31, 2003, in both his criminal action and in a previously adjudicated petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Howze, No. 3:98-CR-299 (June 13, 2006, Dec. 21, 2009, Nov. 6, 2012); Howze, No. 06-CV-240-JMH (Jan. 19, 2007). Petitioner's prior requests for sentencing credit for this time period were denied. See id. Based upon the foregoing, the court finds that respondent has properly plead abuse of the writ.

In an effort to establish cause for failing to raise his claim in a prior petition, petitioner vaguely asserts that he "offers as evidence the Judgement and Commitment Order, which was not shown at the previous habeas." (Pet'r's Resp. p. 3.) Petitioner, however, has failed to address why this alleged new material could not have been raised in an earlier petition. As a result, petitioner has not come forth with any evidence of cause or prejudice as required by McClesky. See McClesky, 499 U.S. at 489.

Having determined that respondent met his burden of properly pleading abuse of the writ and that petitioner failed to establish cause for failing to raise the claim previously or prejudice,

petitioner's petition is dismissed as an abuse of the writ. Because petitioner's claim is dismissed as an abuse of the writ, this court does not reach respondent's other grounds for summary judgment.

**CONCLUSION**

Respondent's motion for summary judgment (DE 10) is GRANTED, and the matter is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 3rd day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge